HON. F. JAMES KANE, JR. Village Attorney, Kenmore
This is in response to your letter of June 24, 1976, wherein you ask for an opinion of the Attorney General as to whether or not a conflict of interest exists when a member of the Board of Trustees of the Village of Kenmore participates and votes on certain matters involving the Kenmore Police Department when the husband of the member of the Board of Trustees is a desk lieutenant in that Department who is directly affected by the actions of the Board of Trustees with respect thereto.
General Municipal Law, § 801, prohibits a municipal officer or employee from having an interest in any contract with the municipality of which he is an officer or employee when he has the power or duty to approve the contract or authorize or approve payment thereunder.
General Municipal Law, § 800(3), provides that a municipal officer or employee is deemed to have an interest in the contract of his/her spouse, minor children or dependents, but excepts therefrom a contract of employment with the municipality which such officer or employee serves.
In view of the above, we conclude that no prohibited conflict of interest exists where a Village Trustee participates and votes on certain matters involving the Kenmore Police Department when the husband of the Trustee is a desk lieutenant in that Department who has a direct monetary interest and is directly affected by the actions of the Board of Trustees with respect thereto.